# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              4:19-cr-00151-DPM-1

SAIWON BROWN                                                                                 DEFENDANT

## ORDER

### I.   BACKGROUND

Pursuant to the Bail Reform Act, the Court held a hearing for Mr. Brown on April 1, 2019. Mr. Brown came to court by way of Complaint. I found probable cause to support the Complaint and, after hearing evidence from both sides, I found by clear and convincing evidence Mr. Brown was a danger to the community and no condition or combination of conditions would assure its safety. My Order of Detention states, "In coming to this conclusion, I have considered the fact that Defendant is an admitted gang member, as well as evidence adduced in both the pretrial services report and witness testimony indicating he has engaged in multiple violent acts with firearms." (Doc. No. 10.)

Now, Mr. Brown has filed a Motion to Reinstate Criminal Jury Trial Setting, whereby he asks, "that the Court reconsider the defendant's detention status and grant him pretrial release subject to conditions of home incarceration, electronic monitoring, and any other condition(s) the Court determines to be necessary to assure the defendant's appearance and the safety of the community." (Doc. No. 30.)

### II.   ANALYSIS

A detention hearing may only be reopened "if the judicial officer finds that information

1

exists that was not known to the movant at the time of the hearing," and that information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).  The matter should not be reopened if the evidence was available at the time of the initial hearing.  *See United States v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991) (per curiam); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989); *United States v. Flores*, 856 F. Supp. 1400, 1405-07 (E.D. Cal. 1994).

I find Mr. Brown's Motion fails to satisfy the requirements to reopen this matter under the Bail Reform Act.  Moreover, even if Mr. Brown's proposal for "home incarceration, electronic monitoring, and any other condition(s) the Court determines to be necessary" could be considered "new," it does not bear materially on the basis for finding Mr. Brown should be detained.  Those additional conditions were already considered when determining Mr. Brown should be detained.  As previously stated, Mr. Brown was detained largely due to having "engaged in multiple violent acts with firearms."  (Doc. No. 10.)

### III.   CONCLUSION

Accordingly, Mr. Brown's Motion with regard to his detention (Doc. No. 30) is DENIED.  Mr. Brown shall remain in the custody of the United States Marshal with the same provisions previously ordered.

IT IS SO ORDERED this 3rd day of December 2020.

                                                  JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE